Law Office Of Weilian Song, LLC
345 W. Washington Avenue Suite 301, Madison, WI 53703
Email: wsong@attorneysong.com
Telephone: (857) 869-1626

June 15, 2026

VIA ECF AND EMAIL

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

**LETTER MOTION TO COMPEL TV TOKYO CORPORATION TO COMPLY WITH
PARAGRAPH 10 OF THE MAY 26, 2026 ORDER TO SHOW CAUSE (UNSEALING)
AND FOR RELATED RELIEF**

**Re:** *TV Tokyo Corporation v. The Individuals, Corporations, Limited Liability Companies,
Partnerships, and Unincorporated Associations Identified on Schedule A*, **No. 1:26-cv-04292
(NRB)**

Dear Judge Buchwald:

I represent Defendant OrzGK, the only Defendant to have appeared in this action. Pursuant to Your Honor's Individual Practices, OrzGK respectfully requests that the Court direct Plaintiff to comply with Paragraph 10 of the Court's May 26, 2026 Order to Show Cause [Dkt. 21] by filing the unsealed versions of the documents identified therein, or, in the alternative, by producing those materials to undersigned counsel. The relief is needed so that OrzGK can prepare a meaningful opposition to the preliminary injunction in advance of the June 22, 2026 deadline for opposing papers and the June 23, 2026 hearing.

**Background.** On May 26, 2026, the Court entered a temporary restraining order and asset restraint and ordered four categories of materials sealed: Plaintiff's Schedule A, the unredacted Complaint, Exhibit 3 (the alleged infringement evidence), and Exhibit 1 to the Mu Declaration (Plaintiff's address-verification efforts) [Dkt. 21 ¶ 9]. The Court ordered that these materials "shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained." (Id.) The Court further ordered, in Paragraph 10, that Plaintiff "shall file unsealed versions" of those same materials "prior to the expiration of this Order when Financial Institutions

1

and domain registrars have confirmed that Defendants' funds are frozen and that Plaintiff properly serves Defendants with the Summons and the Complaint, whichever comes later" [Id. ¶ 10].

**The condition for continued sealing has lapsed, and the unsealing obligation is now operative.** Plaintiff has represented to the Court that, "[a]s of June 5, 2026, the third parties have just completed compliance with the TRO" [Dkt. 25, at 1]. Under Paragraphs 2 through 4 of the Order, that compliance required the Financial Institutions—including PayPal—to locate, restrain, and confirm in writing the freezing of Defendants' accounts. OrzGK's account has in fact been restrained. The condition for continued sealing under Paragraph 9—that the materials remain sealed only "until Defendants' Accounts and Defendants' Assets are restrained"—has therefore been satisfied by Plaintiff's own account, and the affirmative obligation in Paragraph 10 to file unsealed versions "prior to the expiration of this Order" is now operative. The Order expires on June 23, 2026. To date, Plaintiff has filed nothing unsealed and has disclosed nothing to OrzGK.

**OrzGK has sought these materials for nearly two weeks, without result.** Undersigned counsel first requested limited disclosure of OrzGK's Schedule A entry and the infringement evidence pertaining to OrzGK on June 2, 2026, and reiterated the request thereafter. That request predates the extension Plaintiff obtained on June 5—which Plaintiff sought, in part, so that Defendants would have "sufficient time to retain counsel" [Dkt. 25, at 1]—yet during the entire extension period Plaintiff has withheld the very evidence that retained counsel needs in order to respond.

**The prejudice is concrete and imminent.** OrzGK must file opposing papers by June 22 and be heard on June 23, at which Plaintiff "may present [its] arguments in support of its request for issuance of a preliminary injunction" [Dkt. 21]. Plaintiff bears the burden on every element of injunctive relief. Yet the evidence on which Plaintiff relies—Exhibit 3 and OrzGK's Schedule A entry—remains sealed and has never been shown to OrzGK. A defendant cannot meaningfully oppose a preliminary injunction, or contest the essential facts underlying it, without access to the evidence offered against it. See Fed. R. Civ. P. 65(a)(1); *Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747–48 (2d Cir. 1987). Requiring OrzGK to respond on June 22 to evidence it may not see until the eve of the hearing would render the opportunity to be heard illusory.

**The request is narrow and consistent with the Court's Order.** OrzGK does not

seek to disturb the sealing as to any non-appearing Defendant. It seeks only (i) the materials Paragraph 10 already requires Plaintiff to file unsealed, or (ii) at minimum, production to undersigned counsel of OrzGK's Schedule A entry, the Exhibit 3 evidence pertaining to OrzGK, and Exhibit 1 to the Mu Declaration, on an attorneys'-eyes-only basis pending entry of any protective order the Court deems appropriate.

**Alternative relief.** To the extent Plaintiff contends that the Paragraph 10 condition has not been satisfied because service is not yet complete, that position carries its own consequence: no preliminary injunction may issue against, and no restraint may be continued over, a defendant as to which the notice required by Rule 65(a)(1) has not been satisfied. In that event, OrzGK respectfully submits that Plaintiff's preliminary injunction application should not be heard as to OrzGK on June 23, and the restraint should not be continued against OrzGK beyond the expiration of the present Order.

Accordingly, OrzGK respectfully requests that the Court direct Plaintiff to file the unsealed materials, or produce them to undersigned counsel, by June 17, 2026, so that OrzGK may prepare its opposition.

Respectfully submitted,

/s/ Weilian Song
Weilian Song (*admitted pro hac vice*)
Law Office of Weilian Song, LLC
Counsel for Defendant OrzGK

Application granted.  Plaintiff is directed to file unsealed copies of the documents listed in Paragraphs 9 and 10 of the Order to Show Cause, ECF No. 21, unless plaintiff files an acceptable explanation no later than 5 P.M. today, June 15, 2026, as to why the documents should not be unsealed.
**So ordered.**

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE
Dated: New York, New York
       June 15, 2026