UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
TV TOKYO CORPORATION,

        Plaintiff,

     - against -

BEAR HUGS et al.,

        Defendants.
--------------------------------------X

**ORDER**

26 Civ. 4292 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff has moved for reconsideration of this Court's Order of June 25, 2026, ECF No. 43, denying its motion for a preliminary injunction, vacating the previously entered TRO, and dismissing the case following an in court appearance at which the attorney appearing in court did not take the opportunity to speak to the motion for a preliminary injunction and stood mute when the Court entered its order on the record and specifically provided an opportunity to counsel to offer any comment or objection.

"The standard for granting a motion for reconsideration 'is strict and will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Boyd v. United States, 12-CV-474 (JSR), 2015 WL 1345809, at *1 (S.D.N.Y. Mar. 21, 2015) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1

1995)).  The motion to reargue is essentially premised on the memorandum of law submitted in support of the requested TRO, which we fully acknowledge discusses generally relevant caselaw.  ECF No. 46.  However, plaintiff confuses briefing on the law with actually satisfying the legal standards and factual requirements set out in the cases.  The bottom line remains: plaintiff's evidentiary submission in support of personal jurisdiction simply does not fulfill any of the potential ways in which personal jurisdiction can be established.  As an example, plaintiff could have, but chose not to, buy a product on a defendant's website and have it sent to an address in New York.  Plaintiff also could have "[actually] submitted an order and payment information through [defendants'] websites that, in turn, triggered an order confirmation email from Defendants and payment receipts from [a third-party website or payment processor]."  American Girl, LLC v. Zembrka, 118 F.4th 271 (2d Cir. 2024).  Plaintiff made no such effort, instead choosing to screenshot a single order form for a single defendant, without actually consummating either that or any other transaction.  Nor does plaintiff's evidentiary record meet the requirements of Fed. R. Civ. P. 4(k)(2).  See Dularidze v. Turk Hava Yallario A.O., No. 1:20 Civ. 4978 (GHW), 2024 WL 3567332, at *4 (S.D.N.Y. July 28, 2024) (for Rule 4(k)(2) jurisdiction contacts must be "continuous and systematic" or defendant must be

"essentially at home in the forum").  Plaintiff here simply failed to take the steps necessary to establish jurisdiction in a state court of general jurisdiction, not that a defendant was not subject to such jurisdiction.

Bottom line: the establishment of personal jurisdiction must precede and support the entry of an order from a court restraining, inter alia, a defendant's assets.  Since plaintiff failed to take the requisite steps to support the exercise of personal jurisdiction, the TRO, which was improvidently granted, was properly vacated.

The issue of whether plaintiff has made a sufficient showing to support alternative service under the Hague Convention is an entirely separate issue, which need not be reached, given the absence of a personal jurisdiction.  Plaintiff's suggestion that the restraints on the defendants could remain while they tried to establish that alternative service was appropriate and that satisfaction of the Hague Convention is only necessary in the context of a default judgment raise obvious due process concerns.

For the preceding reasons, plaintiff's motion for reconsideration is denied.

The Clerk of Court is directed to close the motion pending at ECF No. 45.

Dated:    New York, New York
          June 26, 2026

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

4